**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GWEN JAKUSZ,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, individually and as successor to SOUTHERN PACIFIC TRANSPORTATION COMPANY,

    Defendant.

No. C 05-4842 JSW

**ORDER GRANTING MOTION TO TRANSFER VENUE**

Now before the Court is Defendant Union Pacific Railroad's ("Railroad") motion to transfer venue to the District of Utah, or in the alternative, to the District of Nevada or Idaho pursuant to 28 U.S.C. § 1404. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Railroad's motion to transfer venue to the District of Nevada. The Court finds the present motion appropriate for decision without oral argument and hereby VACATES the hearing set for April 7, 2006. *See* Civil L.R. 7-1(b).

**BACKGROUND**

Plaintiff Gwen Jakusz ("Plaintiff") currently resides in Kamiah, Idaho. (Declaration of John D. Feeney ("Feeney Decl.") ¶ 5 and Ex. B.) Railroad, a corporation engaged in the business of a common carrier by railroad in interstate commerce, has its headquarters in Roseville, California. (Complaint ("Compl.") ¶ 1.)

Railroad employed Plaintiff as a locomotive engineer for approximately 24 years between

June 1974 and July 2003. (Compl. ¶ 4; Feeney Decl., Ex. B.) Throughout her career, Plaintiff worked in Milford, Utah for approximately 11 years; Idaho Falls, Idaho for a few months; and Las Vegas, Nevada for approximately 13 years. (Feeney Decl., Ex. B.) She worked in Las Vegas, Nevada from April 1990 until July 2003. (*Id.*) Plaintiff alleges that she suffered cumulative trauma to her back due to constant and repetitive motions during the course of her employment. (Compl. ¶¶ 4, 6, 8.) Two physicians in the Las Vegas area treat Plaintiff's injuries. (Plaintiff's Opposition ("Opp.") at 4.)

Counsel for Plaintiff is located in San Francisco, California. In opposition to the motion to transfer, Plaintiff claims that in past similar cases, Railroad has disclosed employees and expert witnesses who reside and work in various states, including California, Nebraska, Colorado and Michigan. (Declaration of Jess P. Yanez ("Yanez Decl.") ¶ 4.) Plaintiff also claims that the expert witnesses she intends to rely upon – an expert on railroad practices and occupational safety training, a biomechanics expert, an economist, and a vocational rehabilitation specialist – are all located in California. (Opp. at 3-4; Yanez Decl. ¶ 7.)

## ANALYSIS

Railroad seeks to have the Court transfer this action to the District Court of Utah, or in the alternative, to the District of Nevada or Idaho. (Defendant's Motion at 4.) Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). As the moving party,

2

Defendant bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). If the balance of convenience weighs strongly in favor of transfer, the Court may accord less deference to a plaintiff's chosen forum. *See id.*

The parties do not dispute that Plaintiff could have sued Defendant in Nevada. Accordingly, the Court weighs the relevant competing factors to determine which forum is appropriate under the circumstances.

**1.    Plaintiff's Choice of Forum.**

The deference accorded to a plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.*

Here, Plaintiff resides in Idaho. The employment giving rise to the alleged injuries occurred in Utah, Idaho, and Nevada, with the majority of Plaintiff's tenure in Nevada. Plaintiff receives medical treatment for those injuries in Nevada. She has never worked in this district. The Complaint does not allege that any causes of action or events giving rise to the claims occurred in this district.

Therefore, the Court concludes that Plaintiff's choice of forum, although entitled to some deference, does not weigh against transfer in this matter.

**2.    Convenience of the Witnesses and Parties**.

In addition to considering the Plaintiff's choice of forum, the Court will consider the relative convenience to all the parties involved in the lawsuit of the competing forums when deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508. The convenience of witnesses is an important factor in resolving a motion to transfer. *A.J. Industries, Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 503 F.2d 384, 387 (9th Cir. 1974).

In support of its motion to transfer, Railroad asserts that the managers and supervisors who

have knowledge relevant to this case, and who are likely to testify at trial, reside in Utah and Nevada. (Defendant's Reply ("Reply") at 4; Feeney Decl. ¶ 8.) Railroad asserts that to bring each witness to trial in San Francisco would result in three days lost work and considerable expense. (Feeney Decl. at 13.) Additionally, Plaintiff receives treatment from doctors in Nevada. (Reply at 4; Opp. at 4.) However, Plaintiff does concede that, should the treating doctors need to be available, Plaintiff is willing to coordinate travel plans at Plaintiff's expense. (Opp. at 4.)

To support her contention that this Court should not transfer the case, Plaintiff argues that cumulative trauma claims against Railroad traditionally rely on the use of expert testimony and Railroad employees located in a variety of states, including California. (Opp. at 3.) All of Plaintiff's expert witnesses are located in California. "The convenience of expert witnesses, however, is given little weight" in venue determinations. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001). Additionally, although Plaintiff's attorneys work out of San Francisco, convenience of counsel is not a factor to be considered on a motion to transfer venue. *E. & J. Gallo Winery*, 899 F. Supp. at 466.

Therefore, because witnesses essential to this case reside in Utah and Nevada and are not subject to this Court's subpoena power, and further because Railroad has presented specific evidence of witnesses who would be inconvenienced by having to testify in this district, the Court finds the convenience of the witnesses and parties factor weighs in favor of transfer.

**3.   Familiarity of the Forum With the Applicable Law.**

Plaintiff states that this district "has the appropriate expertise and jury pool for this matter." (Opp. at 7.) However, Plaintiff offers no support for this assertion.

Because neither party has demonstrated that either forum would be more familiar with the law involved, the Court finds this factor to be neutral.

**4.   Ease of Access to Evidence.**

Plaintiff worked in Las Vegas, Nevada for the last 13 years of her 24 year career. Plaintiff's current medical treatment for injuries allegedly sustained on the job occurs in Las Vegas, Nevada. Therefore, it is apparent that the majority of the evidence is located in the Las Vegas area. Thus, this factor weighs in favor of transfer.

4

**5.     Relative Congestion.**

Because neither party has demonstrated that either forum would be less congested, the Court finds this factor to be neutral.

## CONCLUSION

The Court finds that Defendant met its burden to show that the relevant factors that the Court must consider, including convenience of the witness and access to evidence, weigh in favor of transfer. Accordingly, the Court GRANTS Defendant's motion to transfer and Orders the case transferred to the United States District Court for the District of Nevada. The Clerk is directed to transfer this case, forthwith.

**IT IS SO ORDERED.**

Dated: March 6, 2006

*[signature]*

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE